UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PETRINA BOYLAND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No._____ |
| ) | |
| GARDA CL CENTRAL, INC. ) | |
| D/B/A/ ) | |
| GARDAWORLD CASH SERVICES, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Petrina Boyland, by and through counsel, and would hereby state the following in support of her Complaint for the following causes of action seeking damages against, Defendants, Garda CL Central, Inc. d/b/a GardaWorld Cash Services:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Plaintiff, Petrina Boyland, who was adversely affected by such practices. In support of her Complaint, Plaintiff, alleges that Defendant, Garda CL Central, Inc. D/B/A GardaWorld Cash Services subjected Plaintiff, Petrina Boyland to sexual harassment and retaliated against her for engaging in protected activity under Title VII.

### PARTIES

1. Plaintiff, Petrina Boyland, (hereinafter referred to as "Plaintiff" or "Boyland"), is an adult resident citizen of the city of Memphis, Shelby County, Tennessee. Plaintiff resides at 1509 South Parkway, East, Memphis, Shelby County, Tennessee, 38106.

2. Plaintiff is a member of the African-American race and is of the female gender.

3. Defendant Garda CL Central, Inc. d/b/a/ GardaWorld, (hereinafter referred to as "Defendant" or "GardaWorld"), is a Foreign For-Profit Corporation, duly licensed in the state of Tennessee. Its registered agent is Corporate Creations Network, Inc., located at 205 Powell Place, Brentwood, TN 37027-7522. Its principal address in the United States is located at 2000 NW Corporate Blvd, Boca Raton, FL 33431-7304. The location at issue in this matter, as listed on incorporation documents, is Garda CL Central, Inc. and is located at 4161 New Getwell Road, #106, Memphis, Shelby County, Tennessee, 38118.

4. At all relevant times, Defendant GardaWorld has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

5. At all relevant periods of time in relation to this Complaint, Lance McKinney, (hereinafter referred to as "Supervisor" or "McKinney"), is the current Branch Supervisor employed by Defendant GardaWorld, at its Memphis, Tennessee location.

6. Defendant, GardaWorld, is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

7. McKinney is a supervisor within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991. At all relevant times and locations, McKinney was employed by Defendant as an Operations Supervisor. Upon information and belief, McKinney is a resident of Shelby County, Tennessee.

## JURISDICTION

8. Plaintiff has complied with all administrative prerequisites of 42 U.S.C. § 2000e-5, et seq., by filing a charge of discrimination with the Tennessee Human Rights Commission (hereinafter referred to as "THRC") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), on October 6, 2017, EEOC Charge No. 490-2018-00050, with the acts of discrimination set forth in ¶¶ 22-31 of this Complaint. (See attached, Exhibit A).

9. Plaintiff filed a subsequent charge of Discrimination with the THRC and EEOC, Charge No. 490-2018-00202, on October 24, 2017, with the acts of discrimination set forth in ¶¶ 22-31 of this Complaint. (See attached, Exhibit B).

10. On December 21, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. (See attached, Exhibit C).

11. Plaintiff's claims arise as the result of GardaWorld discriminating against Plaintiff based upon her gender. Plaintiff asserts that Defendant, through its Supervisor, McKinney, subjected Plaintiff to unwelcomed, inappropriate comments of the highly offensive and sexually explicit nature, unwelcomed and inappropriate sexual touching, and unwelcomed and inappropriate sexual advances. Further, McKinney in his role as supervisor subjected Plaintiff to a hostile work environment because of his actions directed at Plaintiff. Plaintiff was subjected to termination and retaliation as a result of Plaintiff engaging in protected activity. All of these claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) et seq., as amended and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1987a.

12. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

13. This Court has supplemental jurisdiction to hear all related state law claims pursuant to 28 U.S.C § 1367.

14. This Court has jurisdiction over the subject matter of this cause as well as jurisdiction over all parties identified in this Complaint.

## VENUE

15. As the Defendant resides or does business in the district, and all events giving rise to this action occurred in this district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMANDED

16. Plaintiff requests that a jury try and determine any and all material facts in dispute and the issue of damages. Application for a jury trial is made pursuant to 42 U.S.C. § 1981(a), (c), which states that a complaining party pursuing a claim under Title VII and seeking compensatory or punitive damages may demand a trial by jury.

## FACTS

17. The circumstances under which Defendant discriminated against Plaintiff are as follows:

18. Plaintiff was hired as a Teller on or around February 9, 2013.

19. Plaintiff was promoted to Cash Vault Services Specialist in 2015.

20. McKinney became Plaintiff's supervisor in March, 2017.

21. Defendant, through its Supervisor, McKinney, engaged in unwelcomed, inappropriate comments of the highly offensive and sexually explicit nature, unwelcomed and inappropriate sexual touching, and unwelcomed and inappropriate sexual advances between March, 2017, and October, 2017, when McKinney made comments to Plaintiff regarding her breast size, her bottom, and subjected her to inappropriate touching.

4

22. On or around September 5, 2017, McKinney stated to Plaintiff, "let's go out," to which Plaintiff responded, "no." McKinney proceeded to take out a pair of scissors and place the sharp end of the open pair of scissors in contact with Plaintiff's wrist and stated, "you going out with me?" To which again Plaintiff responded, "no." McKinney proceeded to walk away from Plaintiff laughing.

23. Soon after the September 5, 2017, incident, but prior to September 15, 2017, Plaintiff worked late assisting a co-worker. Plaintiff observed McKinney leaving for the day, but then observed McKinney return to "lock the vault." On this day, McKinney sat in a chair close to Plaintiff and stated to Plaintiff, "you look lonely," and "go out with me." McKinney, a second time, placed the sharp edge of an open pair of scissors close to Plaintiff's wrist and again asked Plaintiff to "go out with me." Plaintiff responded with a firm "NO," and demanded that McKinney "leave [Plaintiff] alone." McKinney subsequently pulled his chair closer to Plaintiff and continued to verbally harass and bother Plaintiff. At this time, Plaintiff noticed the distinct odor of alcohol on McKinney's breath and person.

24. Between March, 2017 and September 15, 2017, Defendant, through its Supervisor McKinney, subjected Plaintiff to sexual harassment and a hostile work environment by blocking Plaintiff in the workspace and preventing Plaintiff from passing by unless she responded to his demand that Plaintiff "go out with" McKinney.

25. Between March, 2017 and September 15, 2017, Defendant, through its Supervisor McKinney, subjected Plaintiff to sexual harassment and a hostile work environment by blocking Plaintiff's car in the company parking lot, preventing her from leaving work and demanding that Plaintiff "go out with" McKinney.

26. Between March, 2017, and September 15, 2017, Defendant, through its Supervisor McKinney, subjected Plaintiff to sexual harassment and a hostile work environment by groping and touching Plaintiff even after Plaintiff demanded that McKinney leave her alone and would physically pull away from McKinney.

27. Between March, 2017, and September 15, 2017, Defendant, through its Supervisor McKinney, subjected Plaintiff to sexual harassment and a hostile work environment by asking Plaintiff to "come to [McKinney's] house for drinks." Plaintiff, on numerous occasions demanded that McKinney "leave [Plaintiff] alone."

28. Supervisor McKinney's frequent sexual remarks and unwelcome touching created for Plaintiff a sexually-hostile work environment that was sufficiently sever and perverse to alter the terms or conditions of her employment.

29. On September 16, 2017, Plaintiff filed a complaint with Defendant, through submitting a statement of her grievances to Employee Relations. Defendant took no action to protect Plaintiff from their employee and Plaintiff's supervisor, McKinney, and the harassment of Plaintiff by Defendant, through its Supervisor McKinney continued until October 20, 2017, after Plaintiff filed her first EEOC and THRC complaint and Plaintiff was subsequently terminated.

30. On October 18, 2017, Plaintiff received a response from Defendant regarding her statement to Employee Relations. Defendant stated that it was unable to substantiate Plaintiff's claims, but that "based upon the results of the investigation, appropriate actions were taken to ensure that the work environment is professional." A copy of the letter from Defendant, dated October 18, 2017, is attached hereto as Exhibit D.

31. On October 20, 2017, Plaintiff was discharged from her position and was told that her "position was being eliminated." A copy of the separation letter is attached hereto as Exhibit E.

32. Defendant, GardaWorld, at all relevant times, did not maintain effective sexual harassment policies or procedures.

33. Defendant, GardaWorld, failed to take prompt and appropriate remedial measures to protect Plaintiff from the sexually-hostile work environment.

34. The effect of the unlawful employment practices complained of in paragraphs 22-31 of this Complaint has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her employment status as an employee because of her sex, female.

## CAUSES OF ACTION

### COUNT 1
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint and alleges that all Defendants acted in violation of 42 U.S.C. § 2000e, et seq.

36. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) states in part, "It shall be an unlawful employment practice for an employer--

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. Defendant GardaWorld is at all times relevant to this litigation "employers" as defined in 42 U.S.C. § 2000e.

7

38. McKinney is at all times relevant to this litigation a "supervisor."

39. Plaintiff is a member of a protected group based on her gender.

40. Plaintiff by Defendant's own admission is otherwise qualified for the position she held.

41. As a result of the actions and inactions Defendant, through its Supervisor McKinney, Plaintiff suffered adverse employment actions.

42. Plaintiff, through Defendant's Supervisor McKinney, was treated differently than a like situated employee, outside of Plaintiff's protected class.

43. The unlawful employment practices complained of in paragraphs 22-31 of this Complaint were and are intentional.

44. The unlawful employment practices complained of in paragraphs 22-31 of this Complaint were and are done with malice or with reckless indifference to the federally protected rights of Plaintiff.

45. Defendant, is vicariously liable for the hostile work environment to which Plaintiff was subject, through its Supervisor McKinney.

## COUNT II
## HOSTILE WORK ENVIRONMENT BASED UPON SEXUAL HARASSMENT

46. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint and alleges that all Defendants acted in violation of 42 U.S.C. § 2000e, et seq.

47. Defendant GardaWorld is at all times relevant to this litigation "employers" as defined in 42 U.S.C. § 2000e.

48. McKinney is at all times relevant to this litigation a "supervisor."

49. Defendant, through its Supervisor McKinney, subjected Plaintiff to a Hostile Work Environment.

50. Plaintiff is a member of a protected group based on her gender.

51. Plaintiff was subjected to unwelcome sexual harassment at the hands of Defendant, through its Supervisor, McKinney.

52. The harassment of Plaintiff, by Defendant, through its Supervisor McKinney, was based upon her sex.

53. The harassment of Plaintiff, by Defendant, through its Supervisor McKinney, created a hostile work environment for Plaintiff.

54. Defendant, is vicariously liable for the hostile work environment to which Plaintiff was subject, through its Supervisor McKinney.

## COUNT III
## RETALIATION

55. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint and alleges that all Defendants acted in violation of 42 U.S.C. § 2000e, et seq.

56. 42 U.S.C. § 2000e 3(a) states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57. Defendant GardaWorld is at all times relevant to this litigation "employers" as defined in 42 U.S.C. § 2000e.

58. McKinney is at all times relevant to this litigation a "supervisor."

59. Plaintiff was engaged in activity protected under Title VII of the Civil Rights Act of 1964.

60. Plaintiff filed a complaint with the EEOC and the THRC on October 6, 2017, alleging sexual discrimination.

61. Defendant received and acknowledged Plaintiff's complaints in a letter dated October 18, 2017.

62. Plaintiff was terminated on October 20, 2017.

63. Plaintiff's termination by Defendant was an adverse, retaliatory action against Plaintiff because of Plaintiff's complaints against Defendant, and its supervisor McKinney.

64. There is a causal connection between Plaintiff's engaging in protected activity and Defendant's adverse, retaliatory action against Plaintiff; namely, Plaintiff's termination. Defendant treated Plaintiff differently and less favorably in the terms, conditions, and privileges of employment than it did other employees not engaged in protected activities.

## COUNT IV
## TENNESSEE HUMAN RIGHTS ACT

65. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint and alleges that all Defendants acted in violation of T.C.A. §§ 4-21-101, et seq.

66. T.C.A. § 4-21-401(a)(1), (2), prohibits employers from discriminating against an employee "because of race, creed, color, religion, sex, age, or national origin in connection with employment and public accommodations."

67. Defendant is at all times relative to this litigation "employers" as defined by T.C.A § 4-21-102(5), which defines an employer as "persons employing eight or more persons within the state, or any person acting as an agent of an employer, directly or indirectly."

68. Defendant, through its Supervisor McKinney, discriminated against Plaintiff because of her sex.

69. Defendant retaliated against Plaintiff because of her previous EEOC and THRC charges. Plaintiff was terminated because she filed his original complaint with the THRC and the EEOC.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the following relief:

1. That Plaintiff be granted a judgment for back pay, calculated from the date the unlawful termination occurred and including pre-judgment interest on such wages owed;

2. That Plaintiff be granted compensatory damages, including front pay, lost future earnings and lost earning capacity;

3. That Plaintiff be compensated for any and all lost health and retirement benefits;

4. That Plaintiff be granted compensatory damages in the amount of $200,000.00;

5. That Plaintiff be granted punitive damages, due to the malicious and intentional conduct of Defendants;

6. That Plaintiff be granted actual and punitive damages for humiliation and embarrassment caused by the discriminatory actions of Defendants;

7. That Plaintiff be granted actual and punitive damages in the amount of $300,000;

8. That Defendants be ordered to pay all costs, including discretionary and court costs, as well as attorney's fees, associated with this action;

9. That Plaintiff be granted prejudgment interest on any award granted;

10. That Plaintiff be granted such other relief as she may be entitled.

Respectfully submitted

MCDONALD KUHN, PLLC


BY:/s/**Adrienne S. Moore**
Loys A. "Trey" Jordan #16766
Adrienne Starling Moore 32606
5400 Poplar Ave. Ste. 330
Memphis, TN 38119
(901)526-0606
amoore@mckuhn.com
tjordan@mckuhn.com
Attorneys for Plaintiff

12

# AFFIDAVIT

STATE OF TENNESSEE
COUNTY OF SHELBY

PERSONALLY, appeared before me the undersigned authority, in and for the county and state aforesaid, the within named, Petrina Boyland, who, being by me first duly sworn on his oath, states that he is the Plaintiff in this Complaint, and that the causes as therein stated are true and correct.

*Petrina Boyland*
Petrina Boyland

SWORN TO AND SUBSCRIBED BEFORE ME, this the 27th day of December, 2018.

*Melissa Doherty*
NOTARY PUBLIC

My Commission Expires: 6/17/19

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I, via private process server, served the preceding Complaint and Summons on the following:

1. Corporate Creations Network, Inc.
   Registered agent for Garda CL Central, Inc. d/b/a/ GardaWorld
   205 Powell Place
   Brentwood, TN 37027-7522

   And

2. Garda CL Central, Inc.
   4161 New Getwell Road, Suite 103
   Memphis, TN 38118\

/s/Adrienne S. Moore
Adrienne S. Moore, 32606